UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY DYOUS, ET AL, : | | CIVIL NO. 3:22-CV-01518-SVN |
| *Plaintiff,* : | | |
| : | | |
| V. : | | |
| : | | |
| DEPARTMENT OF MENTAL HEALTH, : | | |
| AND ADDICTION SERVICES, ET AL., : | | |
| *Defendants*. : | | October 30, 2023 |

## OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT

The Defendants, the Psychiatric Security Review Board ("PSRB"), the Connecticut Department of Mental Health and Addiction Services ("DMHAS"), and Whiting Forensic Hospital ("WFH") hereby object to the Plaintiffs' Motion to Amend First Amended Complaint, filed on September 18, 2023 [Doc. # 55-1]. The Defendants ask the court to grant their pending motion to dismiss prior to considering Plaintiffs' motion to amend because the jurisdictional defects discussed therein are fatal to the Plaintiffs' claims, and the proposed amendments are futile.

This Court should in any event deny leave to amend as futile, because Plaintiffs are seeking to amend claims that are subject to dismissal under 12(b)(1) because even if this court were to allow the Plaintiffs' proposed amendments, the Plaintiffs lack standing; their claims are moot and barred by *Younger* and *O'Shea* abstention; and their exclusive remedy is by way of federal habeas petition. Similarly, even with the Plaintiffs' proposed amendments, the Plaintiffs fail under 12(b)(6) to state claim under the ADA or § 504 of the Rehabilitation Act. Plaintiffs' proposed Second Amended complaint does not cure the deficiencies of their First Amended Complaint.

**Procedural Background**

The Plaintiffs filed their original Complaint against the Defendants on November 30, 2022. The parties were unable to agree on several issues discussed in the January 12, 2023, 26(f)-planning conference and the court scheduled a conference on February 7, 2023, to assist with the resolution of these issues.

At the January 12, 2023, 26(f) conference, undersigned counsel advised Plaintiffs' counsel hat the Defendants would be filing a motion to dismiss the entire complaint based upon numerous grounds under 12(b)(1) and 12(b)(6). On February 7, 2023, hours before the parties' 26(f) conference with the court, Plaintiffs' counsel notified undersigned counsel that they would be seeking to amend their complaint. Plaintiffs' counsel represented that they sought to amend their complaint to strike all § 504 claims against the Defendant PSRB and to clarify factual and legal claims against all of the Defendants.

At the February 7, 2023, planning conference with the court, undersigned counsel specifically outlined the grounds for dismissal in the Defendants' forthcoming motion to dismiss, including Eleventh Amendment immunity as to all ADA claims against the defendants and Section 504 claims against the PSRB. Defendants also advised the court and Plaintiffs that they would be filing a Motion to Stay Discovery with the Motion to Dismiss. Although Plaintiffs represented to the court at this planning conference that they would provide undersigned counsel their proposed amended complaint by February 13, 2023, they instead sent an email[1] to the Defendants that afternoon, advising the Defendants that "upon further review," they had (unilaterally) decided to "hold off on filing a motion to amend the complaint today," but would instead file "notice to the

---

[1] The Plaintiffs also "apologized" in this email for sending it "on a state holiday."

2

Court… of further proposed amendments ….." Defendants' counsel consented to Plaintiffs' amendment and the First Amended Complaint was filed on March 3, 2023. [Doc. #29].

On April 17, 2023, Defendants filed their motion to dismiss the entire First Amended Complaint in its entirety pursuant to Rule 12(b)(1) and Rule 12(b)(6) on the grounds of: (1) Eleventh Amendment; (2) federal habeas petition is Plaintiffs' exclusive remedy; (3) Plaintiffs lack standing; (4) Mootness; (5) *Younger* abstention; and (8) failure to state a claim under the ADA and Section 504 of the rehabilitation Act.. [Doc. ## 35 and 36]. Defendants also filed a Motion to Stay Discovery with Memorandum of Law pending the court's ruling on the Motion to Dismiss. [Doc. ##37 and 38]. Plaintiffs' counsel filed an opposition to Defendants' Motion to Dismiss on May 30, 2023. Doc. # 44. Defendants' counsel filed a reply in support of their Motion to Dismiss on June 21, 2023. Doc. #50.

On August 7, 2023, the Court scheduled argument on the pending motions for September 21, 2023. On September 11, 2023, however, Plaintiffs advised undersigned counsel, that they would seek to file a Second Amended complaint that would respond to the Defendants' Eleventh Amendment immunity argument set forth in the pending motion to dismiss. The Plaintiffs provided the proposed Second Amended Complaint on September 12, 2023, and the Defendants advised the Plaintiffs on September 13, 2023, that they did not consent.

On September 13, 2023, the court notified the parties by way of an email from the court clerk that they should be prepared to discuss two case, *O'Shea v. Littleton*, 414 U.S. 488 (1974), and *Disability Rights New York v. New York*, 916 F.3d 129 (2d Cir. 2019), during the September 21 oral argument. The Plaintiffs then notified the court, in a responsive email, that they were "working on a proposed Second Amended Complaint," to which the Defendants did not consent, and that they expected to "have it on file" by the end of the week. The Plaintiffs acknowledged

3

that a proposed Second Amended complaint would "affect" the pending motion to dismiss, and also informed the court that they did not object to a continuance of the September 21 oral argument.

The court then scheduled a status conference for September 14, 2023, after which it ordered the Plaintiffs to file their motion for leave to file the proposed Second Amended Complaint no later than September 18, 2023; cancelled the September 21, 2023 oral argument; and scheduled oral argument on the Defendants' motions to dismiss and to stay discovery, and the Plaintiffs' motion for leave to file the proposed Second Amended Complaint for November 16, 2023. [Doc. Nos. 53, 54]

The Defendants motion to dismiss should be granted because the jurisdictional defects discussed therein are fatal to the Plaintiffs' claims, and the proposed amendments, drafted with the benefit of the Defendants' fully briefed motion to dismiss are at best dilatory and are in any event futile. Respectfully, the Plaintiffs' claims must be dismissed in their entirety, with no further amendments allowed.

## **ARGUMENT**

The court should rule on Defendants' Motion to Dismiss and then consider Plaintiffs' motion to amend their complaint. In any event, the Plaintiffs' motion should be denied because the proposed amendments, submitted for the second time to the Defendants and to the court at the eleventh hour, are futile, and it would be a waste of the court's resources to consider them, because they will be futile.

The Second Circuit has cautioned that "[w]hile Federal Rule of Civil Procedure 15(a) states that leave to amend should be granted 'when justice so requires,' motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-

moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). The court may deny a motion to amend as futile even if it is filed during the period when the plaintiff could have amended their complaint as of right. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121 (2d Cir. 2011); *see also Bozeman v. Rochester Tel. Corp.*, 205 F.3d 1321 (2d Cir.), *cert. denied*, 531 U.S. 850 (2000).

Plaintiffs propose to make a second amended complaint to respond to the grounds raised by undersigned counsel in their motion to dismiss. Plaintiff represented in their opposition to motion to dismiss [Doc. #44] that their First Amended Complaint "does not make any claims for Rehab Act violations against the PSRB. Plaintiffs' Rehab Act claims in the Amended Complaint are only against DMHAS and WFH." In so doing, Plaintiffs concede, that their First Amended Complaint included Section 504 claims against the PSRB.

In any case, Plaintiffs' proposed amendment fails to remedy all the defects addressed in Defendants' Motion to Dismiss. These outstanding grounds include that the federal habeas petition is Plaintiffs' exclusive remedy; Plaintiffs lack standing; mootness; *Younger* abstention; and failure to state a claim under the ADA and Section 504 of the Rehabilitation Act. This Court may deny the Plaintiffs' motion to amend based upon futility. *See Johnson*, 642 F.3d 121 (affirming trial court's denial of motion to amend complaint because amendment would be futile, even though motion was filed during time when plaintiff could have amended as of right). All proposed claims against Defendants would be barred for all the same reasons set forth in the Defendants' motion to dismiss, memorandum of law and reply in support of the motion. (Doc. # 35, 36, 50).

In addition, with respect to the court's September 13, 2023, inquiry as to whether *O'Shea v. Littleton*, 414 U.S. 488 (1974) and *Disability Rights N. Y. v. New York*, 916 F.3d 129 (2019) require the court to abstain from exercising jurisdiction in this case, Defendants specifically apply *O'Shea* abstention analysis to Plaintiffs' proposed second amended complaint. However, *O'Shea* also applies to Plaintiffs' First Amended Complaint. Accordingly, based upon this additional ground, it would be futile to grant Plaintiffs' motion to amend their complaint.

**I.       The Broad Relief Plaintiffs Seek in the Proposed Amended Complaint and the First Amended Complaint Requires the Court's Continued Intervention in State Court Proceedings in Violation of the *O'Shea* Abstention Doctrine.**

The *O'Shea* doctrine – an extension of the *Younger* doctrine – requires a federal court to abstain from hearing a case where the request for relief could "lay[ ] the groundwork for a future request for more detailed relief," which would "violate the comity principles expressed in *Younger* and *O'Shea* . . . ." *Luckey v. Miller*, 976 F.2d 673, 679 (11th Cir. 1992); *see also Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *see also The Bronx Defs. v. Off. of Court Admin.*, 475 F. Supp. 3d 278, 284 (S.D.N.Y. 2020) (discussing the doctrine, the second circuits recent holdings in *Disability Rights New York v. New York*, 916 F.3d 129 (2d Cir. 2019) and *Kaufman* and dismissing the case).

Plaintiffs seek broad declarative and injunctive relief – analogous to the relief sought in *Disability Rights N.Y.* – that will require this Court's continuing intervention in state court proceedings to further define the relief to the facts of each case that falls under the scope of the broad relief ordered.  First, Plaintiffs ask for a declaration that Defendants violated Plaintiffs' and class members' rights under the ADA and Section 504. (Proposed Second Amended Complaint, Request for Relief, ¶¶ 3, 4.). Second, Plaintiffs request injunctive relief to restrain Defendants from failing to provide appropriate integrated community services to class members;

6

and restrain defendants from discriminating against Plaintiffs and class members. (*Id.* at ¶ 5(a), (d).). In fact, the Plaintiffs' request for relief in the Proposed Second Amended Complaint is so broad and undefined that the parties would be unable to identify or articulate what conduct would violate the relief sought by the Plaintiffs. Finally, it would require this court to engage in what would be tantamount to an ongoing audit of state court proceedings thereby offending the principles of comity and federalism.

The Defendants also note that although Plaintiffs have not named the State of Connecticut Judicial Branch (or its officials) as defendants in this case, the relief they seek will inevitably interfere with state court functions, because Connecticut's state courts retain jurisdiction over acquittees the entire time they are committed to the PSRB. The requested relief would restrict both Defendants' and state courts' discretion in evaluating which acquittees are eligible for community placement through temporary leave, conditional release, and/or discharge. Such interference would intrude on the state's established and important interests in administering its criminal justice system, treating acquittees and protecting the public (and acquittees) from acquittees' potential dangerousness. *See Sastrom v. Psychiatric Sec. Review Bd.*, 291 Conn. 307, 324-25 (2009); *see also* Defendants' Brief in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint, pp. 44-45, and cases cited therein. Further, Plaintiffs have state procedures available to them to assert their claims under the ADA and Section 504 by way of PSRB and state court proceedings . Under these circumstances, the court must abstain from exercising jurisdiction.

### A. *O'Shea* and *Disability Rights N.Y. v. New York*, 916 F.3d 129 (2d Cir. 2019)

In *O'Shea*, nineteen plaintiffs commenced a civil rights action against state officials and a county judge and magistrate alleging that those defendants operated the county criminal justice

system in a racially discriminatory manner, thereby violating the plaintiffs' constitutional rights. *O'Shea,* 414 U.S. at 490-91. Although plaintiffs were not subject to ongoing criminal proceedings, they requested declaratory and injunctive relief against state officials to enjoin certain allegedly discriminatory enforcement of criminal laws. *Id*. at 492.  The United States Supreme Court concluded that the federal courts should not entertain the action because the relief sought, "an injunction aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials," *Id*. at 500, would in effect result in "an ongoing federal audit of state criminal proceedings which would indirectly accomplish the kind of interference that *Younger v. Harris* [401 U.S. 37 (1971)] . . . sought to prevent." *Id*.

Similarly, in *Disability Rights N.Y. v. New York*, the Second Circuit abstained from exercising jurisdiction over plaintiff's challenge to a New York State statute that governed guardianship proceedings for individuals with developmental disabilities. *Disability Rights N.Y.* at 130-31. Plaintiff alleged that the state statute violated the Fourteenth Amendment's Due Process and Equal Protection Clauses, the ADA and Rehabilitation Act. *Id.* at 132. Plaintiff Disability Rights New York sought declaratory relief that the statute violated the constitution and federal law, and sought injunctive relief requiring the New York State, its court system and its Chief Judge and Chief Administrative judge to change the manner in which guardianship proceedings were conducted. *Id.* at 130-31. The Second Circuit concluded that Plaintiffs' requested relief would permit anyone involved in future guardianship proceedings to raise claims in federal court that the state was not complying with the putative federal injunction, the Constitution or federal law. *Id.* at 136. The Court also held that abstention applied to plaintiff's request for declaratory relief because, "[o]rdinarily a declaratory judgement will result in

8

precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid." *Id.* and cases cited therein.

### B. PSRB and State Court Proceedings

Connecticut state courts retain jurisdiction over acquittees the entire time that acquittees are committed to the PSRB. Indeed, only the Superior Court has authority to commit acquittees to the PSRB's jurisdiction, Conn. Gen. Stat. §§ 17a-582(e), 17a-583, and only the Superior Court has authority to order an acquittee's discharge from the PSRB. Conn. Gen. Stat. §§ 17a-584, 17a-592 and 17a-593 (d). All PSRB decisions relating to an acquittee's temporary leave or conditional release to the community are subject to appellate review by the state courts.

There are three scenarios under which the Superior Court is required to decide whether an acquittee should be discharged: 1) no more than every six months, acquittees may apply directly to state court for discharge from the PSRB's jurisdiction, Conn. Gen. Stat. § 17a-593(a); 2) at any time, the WFH may request the PSRB to recommend to the state court that Plaintiff should be discharged, Conn. Gen. Stat. § 17a-592(a); and 3) at any time, the PSRB may recommend discharge to the state court. *Id.* and Conn. Gen. Stat. §§ 17a-592(b), 17a-593.  Acquittees can appeal Superior Court decisions to the state Appellate Courts.

During the acquittee's PSRB commitment, the PSRB oversees acquittee commitment terms, supervision level, and placement to ensure that an acquittee does not endanger the acquittee or the community during commitment.[2]  The acquittee or WFH may petition the PSRB for temporary leave or conditional release. Conn. Gen. Stat. §§ 17a-587, 17a-588. When the acquittee submits these petitions, WFH must submit a report to the PSRB advising whether the acquittee should be granted temporary leave or conditional release. *Id.* When WFH files a

---

[2] Discussed more fully in Defendants' Brief in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint, pp. 3-5, 40-43.

9

petition for temporary leave or conditional release, it must set forth facts that supports the hospitals opinion that the acquittee should be granted temporary leave or conditional release. *Id.*

The PSRB then holds a hearing to determine whether the acquittee should be granted temporary leave or conditional release. *Id.* The acquittee may appeal these PSRBs decision to the Superior Court and the Appellate Court. *See* Conn. Gen. Stat. §§ 17a-597 and 4-183. Thus, the state courts ultimately decides whether an acquittee may be discharged, conditionally released, or granted temporary leave to receive treatment in the community. *See Kalman v. Carre*, 352 F. Supp. 2d 205 (D. Conn. 2005); *Sastrom v. Berger*, 2004 Dist. LEXIS 1692 (D. Conn. 2004).

### C. Plaintiffs' Requested Relief

Plaintiffs ask the Court to declare that Defendants violate the Plaintiffs' and class members' rights under the ADA; and that Defendants Navarretta and Crego violate the Plaintiffs' and Class members' rights under Section 504.

In addition, Plaintiffs ask for a permanent injunction that directs Defendants to ensure (1) that they apply state statutes and laws in a manner that complies with the ADA and Section 504; (2) that each Plaintiff and Plaintiff class member receives treatment and services in the most integrated setting; (3) that where state law and federal anti-discrimination law conflict, federal law controls; (4) that Defendants incorporate the ADA's "direct threat" review of risk to ensure that Plaintiffs and class members are provided reasonable accommodations/modifications to programs, policies and practices so that class members are receiving treatment in the most integrated setting; and 5) modify the privilege level policy and risk management policy at WFH so that plaintiffs and class members move through WFH at a pace that ensures treatment in the most integrated setting. (Proposed Second Amended Complaint, Request for Relief, ¶ 6 a. through e.)

Plaintiffs also ask for injunctive relief requiring Defendants to: 1) provide community services and supports for all class embers consistent with their needs; 2) make reasonable modifications to the rules and requirements regarding the eligibility for Connecticut's community based services that exclude Plaintiffs' class; and 3) provide Plaintiffs and class members equal access to community-based services; 4) refrain from discriminating against the Plaintiffs and Plaintiff Class members by failing to provide them with community-based services in the most integrated setting appropriate to their needs. (Second Amended Complaint Prayer for Relief, ¶ 5. a through d.).

### D. *O'Shea* Abstention is Required Because Plaintiffs' Requested Relief Lays the Foundation for this Court to Further Define that Relief and Conduct an Ongoing Audit of PSRB and State Court Proceedings

Plaintiffs argue in their motion to amend that they do not seek individual relief for the Plaintiffs, "but systemic, class-wide relief only." [Doc. 55-1, p. 16]. Plaintiffs thus concede that they seek broad relief that will control all future PSRB and State Court proceedings. Such a broad request for relief weighs heavily in favor of abstention. Plaintiffs' requested relief will accomplish what the United States Supreme Court and the Second Circuit have held is prohibited: interference and federal supervision of a whole class of state judicial proceedings based upon claimed violations of federal law. Plaintiffs can raise their ADA and Section 504 claims in PSRB and state court proceedings involving their PSRB commitment. *See O'Shea*, at 502-04; and *Disability Rights N.Y.* 916 F.3d at 137.

Here, plaintiffs seek declaratory and injunctive relief aimed at "controlling or preventing the occurrence of specific events that might take place in the course of future [state] court" and PSRB proceedings. *O'Shea*, at 500. As in *O'Shea*, if the court grants plaintiffs their requested declaratory and injunctive relief, any class member who appears before the PSRB – an agency

11

with the special knowledge required to adjudicate these matters – and/or the Superior Court could bring a federal court action claiming that the PSRB, DMHAS and WFH are violating the federal court's ordered relief. *Id.* This is particularly true given the generic nature of the requested relief.

If the proposed remedies in the Second Amended Complaint were granted, Plaintiffs could seek enforcement against each Defendant during ongoing state and PSRB proceedings. The result of such ordered relief would be "interference in the state . . . process by means of continuous or piecemeal interruptions of the state proceedings by litigation in the federal courts." *Id.* As the U.S. Supreme Court held in *O'Shea*, the federal courts should not use their equitable power to intrude "into the daily conduct of" state proceedings. *Id.* at 502. To do so is "in sharp conflict with the principles of equitable restraint." *Id.* Again, this interference would intrude on the state's strong and important interests in administering its criminal justice system and acquittees.

Plaintiffs proposed Second Amended Complaint seeks the same broad, non-specific relief that they seek in the First Amended Complaint. Because that relief violates the principles set forth in *O'Shea* and its progeny, it would be futile to allow Plaintiffs to amend their complaint in that manner. Thus, the Court should deny the Motion.

## II. Plaintiffs Proposed Count Three Would be Barred for the Same Reasons set Forth in the Defendants' Memorandum of Law and Reply in Support of Their Motion to Dismiss, and Plaintiff Fails to Sufficiently Plead An As-Applied ADA Claim.

Plaintiffs' proposed amendment to Count Three is also futile. Plaintiffs argues that they amend Count Three to clarify that they only allege that PSRB members violate the ADA in their application of the public safety mandate contained in state law. Plaintiffs argue that they allege an "as applied" challenge instead of a facial challenge to the public safety mandate. [Doc. 55-1,

12

pp. 6, 16]. This proposed amendment still fails to remedy the defects contained in the First Amended complaint and thus it is futile. Plaintiffs' proposed amendment also fails to allege an "as applied" ADA challenge to the public safety mandate found numerous statutory sections.

As with their First Amended Complaint, Plaintiffs' proposed Second Amended Complaint does not challenge *any* PSRB decision or recommendation interpreting the public safety mandate found in state law. To make an "as applied" challenge, Plaintiffs are required to specifically allege how the PSRB members have interpreted the public safety mandate and how as applied to Plaintiffs that violates the ADA. *See, e.g., Jacoby & Meyers, LLP v. Presiding Justices of the first, Jacoby & Meyers, L.L.P. v. Presiding Justices of the First, Second, Third & Fourth Dep'ts*, 852 F.3d 178, 184 (2d Cir. 2017). There are no allegations in Plaintiffs' proposed amended complaint sufficient to allege an "a applied" ADA challenge.

### **Conclusion**

Based upon the foregoing, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint should be granted and the Court should sustain Defendants' Objection to Plaintiffs' Motion to Amend Their Complaint.

|  |  |
|---|---|
|  | DEFENDANT,<br>DEPARTMENT OF MENTAL HEALTH AND ADDICTION SERVICES AND WHITING FORENSIC HOSPITAL<br><br>WILLIAM TONG<br>ATTORNEY GENERAL |
| BY: | /s/ Rosemary M. McGovern<br>Rosemary M. McGovern<br>Assistant Attorney General<br>Federal Bar No. ct19594<br>165 Capitol Avenue<br>Hartford, CT  06141-0120<br>Tel: (860) 808-5210<br>Fax: (860) 808-5385<br>rosemary.mcgovern@ct.gov |
|  | DEFENDANT,<br>PSYCHIATRIC SECURITY REVIEW BOARD |
| BY: | /s/ Tanya DeMattia<br>Tanya DeMattia<br>Assistant Attorney General<br>Federal Bar No. ct14966<br>165 Capitol Avenue<br>Hartford, CT  06141-0120<br>Tel: (860) 808-5210<br>Fax: (860) 808-5385<br>Tanya.demattia@ct.gov |

## **CERTIFICATION**

I hereby certify that on October 30, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

/s/ Rosemary M. McGovern
Assistant Attorney General