UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Isaiah Lindsay )<br>Ling Xin Wu, )<br>On behalf of themselves and )<br>all other persons similarly )<br>situated, )<br>        Plaintiffs, )<br>)<br>        v. )<br>)<br>NANCY NAVARRETTA in her )<br>official capacity as Commissioner )<br>of the Department of Mental )<br>Health and Addiction Services; )<br>JOSE CREGO, in his official )<br>capacity as Chief Executive )<br>Officer of Whiting Forensic )<br>Hospital; MICHAEL PEPPER, )<br>In his official capacity )<br>as chair of the Psychiatric )<br>Security Review Board; )<br>JOHN BONETTI, MARK )<br>KIRSCHNER, CHERYL ABRAMS, )<br>WAKANA HIROTA, and )<br>RENESHA NICHOLS, in their official )<br>capacities as a members of the )<br>Psychiatric Security Review Board; )<br>)<br>        Defendants. ) | Civil No.: 3:22-CV-1518-SVN<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>July 7, 2024 |

**Plaintiffs' Objection to Defendants' Motion for Extension of Time to File a Reply Brief regarding Their Second Motion to Dismiss**

Plaintiffs have consented to every request for additional time requested by

Defendants to date. This case was filed as a proposed class action on November

1

30, 2022, over a year and a half ago. Plaintiffs' Motion for Class Certification was filed on January 31, 2023 and dismissed without prejudice after Plaintiffs filed their First Amended Complaint. Over the course of this case, Defendants have filed six motions for extension of time (Doc. 13, 45 days; Doc. 30, 31 days; Doc. 45, 8 days for a reply brief; Doc. 74, 30 days; Doc. 78, 14 days; Doc. 97, 30 days in addition to the 14 days for the current reply brief.) Defendants' five consented motions for extension of time have totaled 128 days, over four months. The current motion, Doc. 97, will be Defendant's sixth request in total and, if granted, will increase the time Defendants have requested in this case to 158 days.

The practice of Plaintiffs' Counsel is to be collegial and professional, attempting to grant almost all requests for extensions of time made by the Office of the Attorney General while rarely asking for extensions themselves. Defendants' current request is for a 30-day extension of time to file a reply brief in support of Defendants' second Motion to Dismiss, all while discovery has been stayed and with little to no progress on moving the case forward to a review of the merits of the case. The Attorney General has asked for an additional 30 days on top of the 14 days that he already has under the Local Rules to file a reply brief. Reply briefs are not mandatory and must be limited to directly addressing Plaintiffs' Opposition to the Motion to Dismiss. Plaintiffs reluctantly denied the Attorney General's request for 30 additional days in this case, but did readily agree to an additional 16

days, up to and including July 31, 2024. This was not satisfactory to Defendants and they filed a motion continuing to seek a total of 44 days to file their optional reply brief.

"Rule 7 of the Local Rules of Civil Procedure provides that '[a]ll motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.' " L. Civ. R. 7(a)(1)." *Jackson* v. *City of New Haven*, No. 3:19-cv-388(RNC), 2020 WL 13662384, *2 (D. Conn. 2020). ""The Second Circuit has repeatedly stated that a finding of good cause depends on the diligence of the moving party." *Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 252 (W.D.N.Y. 2012) (quoting *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000)) (internal quotation marks omitted). While other factors may demonstrate good cause, the presence of such factors does not excuse a party from demonstrating diligence in order to show good cause. *Shemendera*, 288 F.R.D. at 252. An attorney's busy schedule or scheduling conflicts are seldom sufficient to demonstrate good cause. *Id*. at 253."" *Id*. at 3.

"With respect to extending time, a district judge has broad discretion. As the Second Circuit has noted, "[t]he trial judge is closest to the parties and the facts, and we are very reluctant to interfere with district judges' management of their

3

very busy dockets." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). Accordingly, the Second Circuit only "review[s] the grant of an extension of time for abuse of discretion." *Manigault v. ABC Inc.*, 796 Fed.Appx. 13, 15 (2d Cir. 2019) (citing *Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers,* 415 F.3d 279, 283 (2d Cir. 2005))." *Wang* v. *Omni Hotels Management Corporation*, 607 F. Supp. 3d 219, 223 (D. Conn. 2022).

Counsel for Defendants asserts that his busy schedule is good cause for his request for 30 additional days for a reply brief. While Counsel notes that Assistant Attorney General Rose McGovern has been promoted within the Office of the Attorney General and has since withdrawn her appearance, there are a total of three attorneys with appearances for the Defendants. A busy schedule for one attorney is not good cause for all three attorneys, and is more clearly not good cause for 30 additional days for a reply brief.

Defendants assert that Plaintiffs will not be prejudiced by the thirty extra days. This denies the seriousness of the harm Plaintiffs suffer as a result of the alleged violations of federal law. Defendants have filed six motions for extension of time for briefs in this case for a total requested time of 158 days, over five months. Plaintiffs case is about receiving mental health care in the most integrated setting on temporary leave outside a state forensic psychiatric hospital. The Supreme Court in *Olmstead* v. *L.C.*, 527 U.S. 581, 600-601 (1999), held that

unnecessary institutionalization and segregation was discrimination and that unnecessary segregation in an institution is affirmatively harmful to people with disabilities.  Plaintiffs assert that 30 extra days, in addition to the 128 days already agreed to, is causing and contributing to a prejudicial delay to the Plaintiffs.

 Furthermore, there is another reason Plaintiffs will be prejudiced if Defendants' requested long extension is granted.  Specifically, if Defendants are provided with the extensive additional time that they request, this presents them with more time to attempt to moot out Plaintiffs' claims, something which the facts as set forth in their Motion to Dismiss and supporting documents suggest is a strategy being undertaken here,  Although, for the reasons explained in Plaintiffs' Opposition to Defendants Motion to Dismiss the Third Amended Complaint (*see* ECF No. 94 at pp. 13-16), Plaintiffs do not believe that their claims are moot or that they would be moot even if they were now both receiving all of their services in the most integrated setting in the community on temporary leave, out of an abundance of caution, Plaintiffs must also object to the long extension of time that Defendants seek to avoid the risk of Defendants making further arguments of potential mootness based on changed circumstances which are within their control.

 For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for a 30-day extension of time to file their reply brief and instead provide them with an additional 16 days to file the brief, no later than July

5

31, 2024.

Dated: July 7, 2024

                              Respectfully submitted,

                              <u>s/Kirk W. Lowry</u>
                              Kirk W. Lowry, #ct27850
                              Legal Director
                              Connecticut Legal Rights Project
                              CVH – Beers Hall 2nd Floor
                              P.O. Box 351 – Silver Street
                              Middletown, CT 06457
                              (860) 262-5017
                              Fax: (860) 262-5035
                              klowry@clrp.org

                              <u>s/Kathleen M. Flaherty</u>
                              Kathleen M. Flaherty, #ct19344
                              Executive Director
                              Connecticut Legal Rights Project
                              CVH-Beers Hall 2nd Floor
                              P.O. Box 351 – Silver Street
                              Middletown, CT 06457
                              (860) 262-5033
                              Fax: (860) 262-5035
                              kflaherty@clrp.org

                              <u>s/Deborah Dorfman</u>
                              Deborah Dorfman, Juris No. 442946
                              (admitted *pro hac vice*)
                              Executive Director/Attorney
                              Disability Rights Connecticut
                              75 Charter Oak Avenue, Ste. 1-101
                              Hartford, CT  06106
                              Phone: (860) 469-4463
                              Fax: (860)296-0055
                              deborah.dorfman@disrightsct.org

        s/Sheldon Toubman
        Fed. Bar # ct08533
        Sheldon Toubman
        Litigation Attorney
        Disability Rights Connecticut
        75 Charter Oak Avenue, Ste. 1-101
        Hartford, CT 06106
        Phone: (475) 345-3169
        Fax: (860)296-0055
        sheldon.toubman@disrightsct.org

        s/Virginia Teixeira
        Fed. Bar # ct29213
        Virgina Teixeira
        Staff Attorney
        Disability Rights Connecticut
        75 Charter Oak Avenue, Ste. 1-101
        Hartford, CT 06106
        Phone: (860) 469-6035
        Fax: (860)296-0055
        gina.teixeira@disrightsct.org

## **CERTIFICATION**

  I hereby certify that on July 7, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

        /s/Kirk W. Lowry
        Kirk W. Lowry