## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Isaiah Lindsay, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil No.: 3:22-CV-1518-SVN |
| | ) | |
| NANCY NAVARRETTA, et al., | ) | |
| Defendants. | ) | April 6, 2026 |

## <u>ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT</u>

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Defendants do not oppose Plaintiffs' Motion. For good cause shown, and as more fully explained below, the Motion is GRANTED. It is hereby ORDERED as follows:

### 1. Preliminary Findings Regarding the Proposed Settlement

Having reviewed the Unopposed Motion for Preliminary Approval of the Proposed Settlement Agreement and Memorandum in Support of the Motion, the Court preliminarily finds that it will likely be able to approve the proposed Settlement Agreement under Federal Rule of Civil Procedure 23(e)(2).

On November 13, 2024 (Doc. 121), the Court referred this matter for settlement purposes to United States Magistrate Judge Maria E. Garcia. Judge Garcia held eleven separate days of mediation between the parties from January 22, 2025, through March 18, 2026.

The Court preliminarily finds that the proposed Settlement Agreement is sufficiently fair, reasonable and adequate to warrant sending notice of the Settlement to Class Members, considering the relevant factors required by law. *See,*

*e.g., Moses* v. *New York Times Co.*, 79 F.4th 235, 242-43 (2d Cir. 2023). The Court preliminarily finds that the Class Representatives and Class Counsel have adequately represented the class. The proposed Settlement Agreement resulted from arm's-length negotiations by experienced and competent counsel overseen by a United States Magistrate Judge.  The relief provided for the class is adequate, taking into account the costs, risks, and delays of trial and appeal. The effectiveness of the proposed method of distributing the relief to the class is fair, reasonable and adequate. Lastly, the terms of the proposed award of attorneys' fees and the Proposed Settlement Agreement provided to the Court (Doc. 189 and Doc. 189-1), which is the only agreement among the parties, treat Class Members equitably relative to each other. Therefore, the Court preliminarily finds that the requirements of Fed. R. Civ. P. 23(e)(2) have been met.

**2.  The Case Shall Proceed as a Class Action**

On December 16, 2024, the Court certified the following Fed. R. Civ. P. 23(b)(2) class: Acquittees who (1) are, or will be in the future, committed to the jurisdiction of the Psychiatric Security Review board, (2) are assigned Full Level 4 privileges, and (3) have been determined by a Whiting Forensic Hospital treatment professional as being ready for Temporary Leave. (Doc. 130, page 2.) The case shall proceed and remain a Rule 23(b)(2) class action.

### 3. Fairness Hearing

A hearing will be held on May XX, 2026 at X:00 p.m. in Courtroom One, Abraham Ribicoff United States Courthouse, 450 Main Street, Hartford, CT 06103. At this final fairness hearing, the Court will determine, decide and order:

a. Whether the Court should approve the Proposed Settlement Agreement as fair, reasonable, and adequate; and,

b. Whether the Court should enter an Order of Dismissal pursuant to Fed. R. Civ. P. 41(a)(2) and retain jurisdiction to enforce the terms of the Settlement Agreement.

### 4. Class Notice

The Court approves the text of the proposed Class Notice at Doc. 189-1, pages 75 to 80. The Court finds that direct notice to Class Members on each unit in Dutcher Hall of Whiting Forensic Hospital by Class Counsel is the best notice practicable under the circumstances, reasonably intended to reach Class Members. Class Counsel shall give notice by providing a copy of the proposed Settlement Agreement to every Class Member who requests one.  Class Counsel shall give notice to all Class Members in four ways: 1) place written notice on each unit in Dutcher Hall with acquittees (DN1, DS1, DN2, DN3, and DS3); 2) hold a community meeting on each unit with acquittees in Dutcher Hall within two weeks of the Court's order granting preliminary approval; 3) attend the Dutcher Steering Committee meetings for three consecutive weeks; and, 4) make CLRP attorneys available for individual meetings with any class member who requests a meeting.

The Court orders Whiting Forensic Hospital to fully cooperate with Class Counsel and facilitate all meetings at mutually agreed upon times and places, including on each unit where Class Members reside. Notwithstanding the foregoing, Whiting Forensic Hospital shall not be required to mutually agree upon the time or place of any Dutcher Steering Committee meeting.

**5.  Objections to the Settlement Agreement**

Any written objections to any aspect of the Settlement Agreement shall be submitted to Class Counsel in hand or through campus mail no later than April X, 2026. Class Counsel shall bundle all written objections and comments and file them in CM/ECF as an attachment to a Notice of Compliance. Counsel shall file all objections and comments with the Court no later than April X, 2026. Any Class Member may object to the Settlement Agreement. The written objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class. The written objection must also state with specificity the grounds for the objection as required by Fed. R. Civ. P. 23(e)(5)(A).

Any party may file a response to an objection by a Class Member at any time through the day of the hearing for final approval.

**6.  Continuance of Hearing**

The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members.

It is so Ordered at Hartford, Connecticut, this XX day of April, 2026.

5

/s/Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE