**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ISAIAH LINDSAY, LING XIN WU, on behalf of themselves and all others similarly situated, | ) ) ) | 3:22-CV-1518 (SVN) |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NANCY NAVARRETTA, in her official capacity as the Commissioner of the Connecticut Department of Mental Health Services, *et al.* | ) ) ) ) | |
| *Defendants*. | ) | April 14, 2026 |

<u>**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED**</u>
<u>**CLASS ACTION SETTLEMENT**</u>

Sarala V. Nagala, United States District Judge.

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 189.  For good cause shown, and as more fully explained below, the Motion is GRANTED.

It is hereby ORDERED as follows:

## I.    PRELIMINARY FINDINGS REGARDING THE PROPOSED SETTLEMENT

Having reviewed the Unopposed Motion for Preliminary Approval of the Proposed Settlement Agreement and Memorandum in Support of the Motion, the Court preliminarily finds that it will likely be able to approve the proposed Settlement Agreement under Federal Rule of Civil Procedure 23(e)(2).

On November 13, 2024, the Court referred this matter for settlement purposes to United States Magistrate Judge Maria E. Garcia.  Order of Ref., ECF No. 121.  Judge Garcia subsequently

1

held eleven separate days of mediation between the parties from January 22, 2025, through March 18, 2026.

The Court preliminarily finds that the proposed settlement agreement at ECF No. 188-1 (the "Settlement Agreement")[1] is sufficiently fair, reasonable and adequate to warrant sending notice of the Settlement to Class Members, considering the relevant factors required by law.  *See, e.g.*, *Moses v. N.Y. Times Co.*, 79 F.4th 235, 242–43 (2d Cir. 2023).

The Court preliminarily finds that the Class Representatives and Class Counsel have adequately represented the class.  The proposed Settlement Agreement is a result of arm's-length negotiations by experienced and competent counsel overseen by a United States Magistrate Judge. The relief provided for the class is adequate, taking into account the costs, risks, and delays of trial and appeal.  The effectiveness of the proposed method of distributing the relief to the class is fair, reasonable and adequate.  Lastly, the terms of the proposed award of attorneys' fees and the Proposed Settlement Agreement provided to the Court (ECF Nos. 189 and 189-1), which is the only agreement among the parties, treat Class Members equitably, relative to each other. Therefore, the Court preliminarily finds that the requirements of Fed. R. Civ. P. 23(e)(2) have been met.

## II.    THE CASE SHALL PROCEED AS A CLASS ACTION

On December 16, 2024, the Court certified the following Fed. R. Civ. P. 23(b)(2) class: Acquittees who (1) are, or will be in the future, committed to the jurisdiction of the Psychiatric Security Review board, (2) are assigned Full Level 4 privileges, and (3) have been determined by a Whiting Forensic Hospital treatment professional as being ready for Temporary Leave.  *See* Joint Ruling on Defs.' Mot. to Dismiss and Pls.' Second Mot. for Class Cert., ECF No. 130 at 28.  The

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Settlement Agreement.

case shall proceed as and remain a Rule 23(b)(2) class action.

### III.    FAIRNESS HEARING

A final fairness hearing will be held on **June 16, 2026, at 10:30 a.m.** in Courtroom One, Abraham Ribicoff United States Courthouse, 450 Main Street, Hartford, CT 06103.  At this final fairness hearing, the Court will determine, decide and order:

a. Whether the Court should approve the Proposed Settlement Agreement as fair, reasonable, and adequate; and

b. Whether the Court should enter an Order of Dismissal pursuant to Fed. R. Civ. P. 41(a)(2) and retain jurisdiction to enforce the terms of the Settlement Agreement.

### IV.    CLASS NOTICE

The Court approves the text of the proposed Class Notice at ECF No. 189-1 at 75–80.  The Court finds that direct notice to Class Members on each unit in Dutcher Hall of Whiting Forensic Hospital by Class Counsel is the best notice practicable under the circumstances, reasonably intended to reach Class Members.  Class Counsel shall give notice by providing a copy of the proposed Settlement Agreement to every Class Member who requests one.

Class Counsel shall give notice to all Class Members in four ways:  (1) placing written notice on each unit in Dutcher Hall with acquittees (DN1, DS1, DN2, DN3, and DS3); (2) holding a community meeting on each unit with acquittees in Dutcher Hall within two weeks of the Court's order granting preliminary approval; (3) attending the Dutcher Steering Committee meetings for three consecutive weeks; and (4) making CLRP attorneys available for individual meetings with any class member who requests a meeting.

The Court orders Whiting Forensic Hospital to fully cooperate with Class Counsel and facilitate all meetings at mutually agreed upon times and places, including on each unit where

Class Members reside.  Notwithstanding the foregoing, Whiting Forensic Hospital shall not be required to mutually agree upon the time or place of any Dutcher Steering Committee meeting.

## V.    OBJECTIONS TO THE SETTLEMENT AGREEMENT

Any written objections to any aspect of the Settlement Agreement shall be submitted to Class Counsel in hand or through campus mail no later than **May 19, 2026**.  Class Counsel shall bundle all written objections and comments and file them in CM/ECF as an attachment to a Notice of Compliance.  Counsel shall file all objections and comments with the Court no later than **June 2, 2026**.  Any Class Member may object to the Settlement Agreement.  While not explicitly stated in the proposed Class Notice, **the written objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class**.  The written objection must also state with specificity the grounds for the objection as required by Fed. R. Civ. P. 23(e)(5)(A).

Any party may file a response to an objection by a Class Member at any time through the day of the hearing for final approval.

## VI.    CONTINUANCE OF HEARING

The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members.

**SO ORDERED** at Hartford, Connecticut, this 14th day of April, 2026.

 /s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

4