**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ISAIAH LINDSAY, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil No.: 3:22-CV-1518-SVN |
| | ) | |
| NANCY NAVARRETTA, et al., | ) | |
| Defendants. | ) | July 6, 2026 |

**MEMORANDUM IN SUPPORT OF JOINT MOTION**
**FOR PROTECTIVE ORDER**

### I.    Introduction

The Parties request a protective order authorizing them to disclose, produce, inspect and use all protected health information and substance use treatment records and communications in order to effectuate enforcement of the Parties' Settlement Agreement. The Court granted preliminary approval of the Settlement Agreement and ordered notice to the class on April 14, 2026. (ECF 195) Objections and comments were received and a fairness hearing was held on June 16, 2026. The Parties' Joint Motion for final approval will be filed on or before July 13, 2026.

Rule 26(c) provides, in relevant part, "a party…may move for a protective order in the court where the action is pending…. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Rule 26(c). The Parties jointly request the Court enter an order authorizing, with the force of a subpoena, the Parties to disclose, inspect, produce, request, and use information and documents, required under the Settlement Agreement, that may be confidential under the Health

1

Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations, (45 C.F.R. Part 160 and Part 164) (collectively HIPAA), the federal laws regarding Confidentiality of Substance Use Disorder Patient Records under 42 U.S.C. § 290dd-2 and 42 C.F.R. Part 2 (collectively SUD), and various state statutes and regulations, including, without limitation, Conn. Gen. Stat. §§ 17a-488a, 17a-500, 17a-572, and 52-146o, in a manner that is consistent with applicable confidentiality statutes and regulations.

### A. Application for Protective Order

The Class Representatives have authorized the use of their names in this civil action and for this application. No other current or future class members are referred to by name, and all would be covered by a protective order if issued by the Court. The Parties to this litigation have a legally recognized interest in the use and disclosure of Protected Health Information and Substance Use Disorder records because of their Settlement Agreement on behalf of the Parties in this case. The Settlement Agreement is intended to resolve the litigation and to provide mental health treatment in the most integrated setting as required by Title II of the Americans with Disabilities Act and the Rehabilitation Act.

### B. Notice of Application for a Protective Order

On June 26, 2026, Class Counsel attended the Dutcher Steering Committee meeting and gave written and oral notice to Class Members of their intent to file a Motion for a Protective Order. The Notice of Joint Motion for Protective Order is attached as Attachment A. The Dutcher Steering Committee is a longstanding

committee authorized by Whiting Forensic Hospital and chaired by patients. It is a standing committee that meets every Friday at 2:30 p.m. in the Dutcher Activity Room. Administration, staff and patients from all units with current or potential class members are welcome.

The Notice informed patients of the intent to file a Joint Motion for a Protective Order pursuant to HIPAA, the Substance Use Disorder regulations in 42 U.S.C. § 290dd-2, and the regulations at 42 C.F.R. § 2.64. A copy of the regulations was offered as a handout to the committee and attendees. Notice was given of intent to file the Motion for Protective Order on July 2, 2026, and that objections or comments should be provided to Class Counsel by Monday July 13, 2026 by 3:00 p.m.

### C. Criteria for Entry of Protective Order

An order may be entered only if the Court determines that good cause exists. To make this determination, the Court must find that:

(1) Other ways of obtaining the information are not available or would not be effective; and,

(2) The public interest and need for the use or disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.

## II. Argument

Federal law requires that a protective order be issued by the court before protected health information ("PHI") and substance use disorder ("SUD")

information may be disclosed. HIPAA, 42 U.S.C. § 1320d-2 and its implementing regulation at 45 C.F.R. § 164.512(e), provides that PHI may be disclosed as part of a judicial proceeding pursuant to a qualifying order of the Court. 42 U.S.C. § 290dd-2(b)(2(C) and the federal regulation at 42 C.F.R. § 2.64 provide that SUD records can be disclosed "if authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefore. In assessing good cause, the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure." (Attached as Attachment B.)

The attendant regulations, 42 C.F.R § 2.64(a) and (b), state, in relevant part, "[a]n order authorizing the disclosure of patient records for purposes other than criminal investigation or prosecution may be applied for by any person having a legally recognized interest in the disclosure which is sought. The application may be filed separately or as part of a pending civil action in which the applicant asserts that the patient records are needed to provide evidence."

Such a protective order should be issued in the instant case because disclosure of PHI, which may include SUD information for some, but not all, class members, is necessary to enforce the proposed Settlement Agreement of the Parties and for the Independent Reviewer, in performing her monitoring function, to ensure

that the Defendants are in substantial compliance with the terms of the proposed

Settlement Agreement. The information, once acquired, will be used for the benefit

of the Plaintiff Class. The information will not be used for any unauthorized or

prohibited reason.

> Nothing in the text of section 290dd-2 indicates that Congress had in mind the creation of individual rights. The provision does not 'focus on the needs of the individual, as it would if, for example, it provided patients with the right to maintain the privacy of their records. Instead, § 290dd-2(a) establishes a broad proscription against the disclosure of substance abuse treatment records maintained not only for rehabilitation but also for education, training, and research. For instance, under § 290dd-2(b), courts may authorize disclosure only when the public interest and the need for disclosure outweigh the injury to the patient, to the physician-patient relationship, *and to the treatment services*. The statutory language thus suggests that Congress was concerned primarily with fostering programs aimed at curtailing our nation's staggering substance abuse problems. The confidentiality provision encourages voluntary participation in such programs on the part of drug users and benefits the public; it does not create a person right to privacy.

*Schlosser v. Kwak*, 16 F.4th 1078, 1082 (2d Cir. 2021) (cleaned up)(emphasis

in original).

The Plaintiffs and the Plaintiff Class in the instant case are patients in a

psychiatric hospital who are being treated for psychiatric disabilities. Substance use

disorder is often co-occurring with psychiatric disabilities and will likely be included

in some of the medical records of Plaintiff Class members whose records the Parties

will be requesting.

There is a strong public interest in resolving the instant suit since it alleges

violations of Title II of the ADA and violations of Section 504 of the Rehabilitation

Act of 1973 by alleging that public entities are unnecessarily keeping patients in

facilities long after they qualify for mental health services in a more integrated setting. With the protections put in place through the requested protective order, the injury caused to the patients, as Plaintiffs/Class members, through disclosure of their health records will be minimal. Furthermore, any injury to the Plaintiff Class will be offset by the benefits of a successful outcome of the instant suit. The Plaintiff Class members will benefit from faster transitions to more integrated settings. Moreover, there will be no injury to the physician-patient relationship or to the treatment services being provided.

PHI needs to be protected because it contains sensitive information that can lead to identity theft. Additionally, in requesting a SUD protective order, the Plaintiffs seek to protect themselves and the Plaintiff Class from discrimination, stigmatization, or emotional or physical harm.

The Parties attach a proposed protective order to this motion.

## III.   Conclusion

The Parties jointly move the Court to enter the proposed protective order in this case because the sensitive nature of the information that will be exchanged during the implementation of the Parties' Settlement Agreement makes it necessary to keep such information confidential.

Respectfully submitted,

DEFENDANTS NANCY NAVARRETTA,
COMMISSIONER OF THE DEPARTMENT
OF MENTAL HEALTH AND ADDICTION
SERVICES IN HER OFFICIAL CAPACITY,
AND JOSE CREGO, CEO OF WHITING
FORENSIC HOSPITAL, IN HIS OFFICIAL
CAPACITY

WILLIAM TONG
ATTORNEY GENERAL

BY:

/s/Shawn L. Rutchick
Shawn L. Rutchick
Assistant Attorney General
Federal Bar No. ct24866
165 Capitol Avenue
Hartford, Connecticut 06106
Tel:  (860) 808-5210
Fax:  (860) 808-5385
shawn.rutchick@ct.gov

/s/ Francesca Testa
Francesca Testa
Assistant Attorney General
Federal Bar No. ct31930
165 Capitol Avenue
Hartford, CT 06106
Tel: (860) 808-5210
Fax: (860) 808-5385
Francesca.testa@ct.gov

DEFENDANTS IN THEIR OFFICAL
CAPACITIES, PSYCHIATRIC SECURITY
REVIEW BOARD MEMBERS, MICHAEL
PEPPER, JOHN BONETTI, MARK
KIRSCHNER, CHERYL ABRAMS,
WAKENA HIROTA, AND RENESHA
NICHOLS

7

WILLIAM TONG
ATTORNEY GENERAL

By:

/s/Tanya Feliciano DeMattia
Assistant Attorney General
Federal Bar No. ct14996
165 Capitol Avenue
Hartford, CT  06106
Tel: (860) 808-5210
Fax: (860) 808-5385
tanya.demattia@ct.gov

/s/ Alina Bricklin-Goldstein
Assistant Attorney General
Federal Bar No. ct31266
165 Capitol Avenue
Hartford, CT  06106
Tel: (860) 808-5210
Fax: (860) 808-5385
alina.bricklin-goldstein@ct.gov


THE PLAINTIFFS,

By:

/s/Kirk W. Lowry_____
Kirk W. Lowry, ct27850
Legal Director
Kathleen M. Flaherty, ct19344
Executive Director
Simone Lamont, ct31858
Connecticut Legal Rights Project
CVH-Beers Hall 2nd Floor
P.O. Box 351-Silver Street
Middletown, CT 06457
Phone (860) 262-5017
Fax (860) 262-5035
klowry@clrp.org
kflaherty@clrp.org
slamont@clrp.org

8

/s/ Rachel Mirsky
Rachel Mirsky, ct.30457
Sheldon Toubman, ct08533
Disability Rights Connecticut
75 Charter Oak Avenue. Suite 1-101
Hartford, CT 06106
Phone (860) 469-4463
Fax (860) 296-0055
rachel.mirsky@disrightsct.org
sheldon.toubman@disrightsct.org

## <u>CERTIFICATION</u>

I hereby certify that on July 6, 2026, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.


/s/ *Shawn L. Rutchick*
Shawn L. Rutchick

# Attachment A

# Notice to Class Members

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Isaiah Lindsay, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil No.: 3:22-CV-1518-SVN |
| | ) | |
| NANCY NAVARRETTA, et al., | ) | |
| Defendants. | ) | June 26, 2026 |

### Notice of Joint Motion for Protective Order

Notice is hereby given to class members in this case, pursuant to 42 C.F.R. § 2.64(b), that Class Counsel and Counsel for Defendants will jointly move for a Protective Order governing the use and disclosure of protected health information including records protected by 42 U.S.C. § 290dd-2 regarding substance use. The proposed use and disclosure of Protected Health Information and records regarding substance use treatment will be strictly limited only to that use necessary to enforce the proposed settlement agreement in this case. Good cause exists for this Protective Order. There are no other ways of obtaining the information or any other possible options would not be effective. The public interest and need for the use or disclosure outweigh the potential injury to the patient-class member, the physician-patient relationship and the treatment services. The proposed Protective Order is attached. This Notice and the Proposed Protective Order will be open for discussion at the Dutcher Steering Committee meeting on Friday, June 26, 2026. The Joint Motion for Protective Order will be filed on Thursday, July 3, 2026. All class members should file any written response by Monday, July 13, 2026 at 3 p.m. with: Kirk W. Lowry, CLRP, CVH-Beers Hall, 2nd Floor, Middletown, CT 06457; or, Rachel Mirsky, DRCT, 75 Charter Oak Avenue, Suite 1-101, Hartford, CT 06106.

# Attachment B

# Proposed Protective Order

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Isaiah Lindsay, | ) | CIVIL NO. 3:22-CV-1518-SVN |
| Ling Xin Wu, | ) | |
| On behalf of themselves and | ) | |
| all other persons similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| NANCY NAVARRETTA, in her official | ) | |
| capacity as the Commissioner of the | ) | |
| Connecticut Department of Mental | ) | |
| Health and Addiction Services, et al. | ) | |
| Defendants. | ) | |
| | ) | |
| Defendants. | ) | July 13, 2026 |

**ORDER FOR THE DISCLOSURE, USE, AND**
**PROTECTION OF CONFIDENTIAL HEALTH INFORMATION**

The Court, upon good cause shown and in accordance with Rule 26(c)(1) of the Federal Rules of Civil Procedure, 42 C.F.R. §§ 2.61, 2.64, and 45 C.F.R. § 164.512(e), ORDERS as follows:

**A. INTRODUCTION & PURPOSE**

1. This Order authorizes, with the force of a subpoena, the parties, as defined herein, to disclose, inspect, produce, request, and use information and documents, required under the settlement agreement, that may be confidential under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations, (45 C.F.R. Part 160 and Part 164) (collectively HIPAA), the federal laws regarding Confidentiality of Substance Use Disorder Patient Records under 42 U.S.C. § 290dd-2 and 42

14

C.F.R. Part 2 (collectively SUD), and various state statutes and regulations, including, without limitation, Conn. Gen. Stat. §§ 17a-488a, 17a-500, 17a-572, and 52-146o, in a manner that is consistent with applicable confidentiality statutes and regulations.

2. Class members who may be within the scope of the SUD statute and regulation have been provided with an opportunity to file written responses regarding the statutory and regulatory requirements described in 42 C.F.R. § 2.64(b).

3. Consistent with 42 C.F.R. § 2.64(d), the Court finds that good cause exists to enter this order because (1) Other ways of obtaining the information are not available or would not be effective; and (2) The public interest and need for the use or disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.

4. This Order does not permit a party to access or request access to information or documents in a manner that is inconsistent with the settlement agreement.

5. Except for the obligations to maintain confidentiality as provided herein, this Order does not alter, amend, or expand, in any manner, the rights and obligations under the settlement agreement to access, disclose, obtain, request, or use information or documents.

## B. DEFINITIONS

For the purposes of this Order, the following definitions shall apply.

1. "Confidential Information" means: (a) "Protected Health Information" (PHI), as defined by 45 C.F.R. § 160.103, as periodically amended; (b) "Individually Identifiable Health Information," as defined in 45 C.F.R. § 160.103, as periodically amended; (c) "Diagnosis," "Patient Identifying Information," "Program," "Records," and "Substance Abuse Disorder," as defined in 42 C.F.R. § 2.11; and "Communications and Records," as defined by Conn. Gen. Stat. § 52-146d, as periodically amended.

2. "Covered entity" is (i) a health plan, (ii) a health care clearinghouse or (iii) a health care provider who transmits any health information in electronic form in connection with a transaction covered by subchapter 45 C.F.R § 160.103.

3. "Defendant" or "Defendants" means one or more of the following: Department of Mental Health and Addiction Services ("DMHAS"), Whiting Forensic Hospital ("WFH"), Connecticut Psychiatric Security Review Board ("PSRB"), and their divisions, and all directors, officers, employees, agents, and representatives.

4. "Disclose" is as defined in 42 C.F.R. § 2.11.

5. "Document" means documents or electronically stored information (ESI) as defined by Rule 34(a) of the Federal Rules of Civil Procedure.

6. "Independent Reviewer" is the professional designated to perform the Independent Reviewer role under the settlement agreement.

16

7. "Party" is any Plaintiff or Defendant in this action or their agent or attorney (collectively "Parties").

8. "Plaintiff" means the named Plaintiffs in this action as well as any member of the Plaintiff Class.

9. "Substance Use Disorder" (SUD) is as defined in 42 C.F.R. § 2.11.

10. "Use" is as defined in 42 C.F.R. § 2.11.

11. Any term used herein that is defined in HIPAA regulations or 42 C.F.R. § 2.11 shall have the same meaning ascribed by that regulation.

## C. SCOPE OF ORDER

1. Subject to the limitations set forth in Sections A.4 and A.5, this Order authorizes and commands, with the force of a subpoena, Defendants, Class Counsel, the Office of the Attorney General, the Independent Reviewer, and each of their agents to produce, receive, transmit, and use Confidential Information to the extent required by the settlement agreement.

2. Defendants, Class Counsel, the Office of the Attorney General, the Independent Reviewer and each of their agents shall take all measures necessary to comply with the requirements of the laws referenced in this Order, and all other applicable laws governing the privacy of personal and health information, including, without limitation, those referenced herein.

3. All Confidential Information, regardless of form, shall be treated and maintained in a confidential manner and in a manner that prevents access by any person or entity not entitled to access under this Order.

17

4. Any pleading or other document filed with the Court shall be filed with Confidential Information redacted or under seal.

5. Confidential Information disclosed pursuant to this Order shall only be used to monitor or enforce the settlement agreement, as required under settlement agreement, and shall only be disclosed to:

   a. The Court and its officials (in redacted form or under seal);

   b. The Independent Reviewer;

   c. The Defendants, Defendants' counsel, and their employees and agents;

   d. Plaintiffs, Plaintiffs' counsel, and their employees, and agents; and

   e. Outside consultants and experts retained to assist Plaintiffs' or Defendants' counsel.

6. Any person given Confidential Information pursuant to this Order shall not use or disclose such Confidential Information for any purpose other than as permitted under the settlement agreement and this Order. The party to whom the disclosure is being made shall read and sign the Protective Order Agreement attached to this Order. The disclosing party shall take all reasonable steps to ensure that the parties receiving the Confidential Information do not use, retain, or disclose the information for any purpose other than this action.

7. A party shall produce Confidential Information in an unredacted form to the other party in response to a discovery request under the settlement agreement.

8. A party producing Confidential Information shall stamp or otherwise mark each page containing Confidential Information with the designation "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with legibility or audibility of the document.

9. A party producing Confidential Information via electronic files in native electronic format shall designate as confidential the electronic files by appending to the file names or designators information indicating that the file contains Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.

10. When a party prints electronic files or documents in native form for use in monitoring or enforcement of the settlement agreement, including at a deposition or in a court proceeding, or for provision to any person authorized to receive it pursuant to this Order, the party shall ensure that a legend stating "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and the native file production number and designation is affixed to the corresponding electronic files or documents.

11. Depositions involving Confidential Information shall be conducted only in the presence of the parties, their agents and employees, outside consultants and experts retained to assist counsel with this litigation, the person from whom

19

discovery is sought, that person's counsel, and a court reporter. Regarding testimony, a party may designate portions of the record confidential by notifying the other party on the record at the deposition or in writing thereafter.

12. Transcripts and recordings of court proceedings and depositions containing Confidential Information shall not be released publicly unless all Confidential Information is redacted. All court reporters shall be provided with a copy of this Order and are bound by its terms.

13. A failure to designate as Confidential Information any document or information containing Confidential Information shall not be construed as a waiver of the assertion that the information is Confidential Information covered by this Order.

14. If at any time a party realizes that it should have designated as Confidential Information any documents, testimony or other materials previously produced in this action, it may correct this non-designation by notifying the parties in writing.

15. The parties may not use or disclose Confidential Information in any pleading, filing, hearing, trial, or any other public proceeding in this action without redacting or otherwise obscuring the information to prevent personal identification. The parties shall not be required to redact documents produced between them and/or them and the Independent Reviewer. If such redaction or obscuring of information is not possible (for example, without limitation,

where the Confidential Information is an integral part of a document and redacting or obscuring the information would impair the utility of the document), a party may seek permission from the Court to have such information filed under seal or obtain consent from the individual (or the individual's conservator) whose information is at issue.

16. In the event of an inadvertent disclosure of Confidential Information, the receiving party or the producing party making the inadvertent disclosure shall upon learning of the disclosure:

   a. Promptly notify the person or entity to whom the disclosure was made that it contains Confidential Information subject to this order;

   b. Promptly make all reasonable efforts, including, but not limited to seeking a court order, if necessary, to retrieve such Confidential Information from, and to preclude dissemination or use by the person or entity to whom disclosure was inadvertently made;

   c. Promptly notify the producing party of the identity of the person or entity to whom disclosure was inadvertently made, the circumstances of the disclosure, and the steps taken to prevent the dissemination or use of the information; and

   d. Comply with other applicable requirements governing notification of breaches of protected health information as set forth in Subtitle D of the Health Information Technology for Economic and Clinical Health Act (HITECH ACT) and HIPAA regulations.

21

17. Within 45 days of the conclusion of litigation including appeals and enforcement of the settlement agreement through the entire term of the settlement agreement, the parties, their attorneys, and any person or entity in possession of Confidential Information received pursuant to this Order, shall return such Confidential Information to the covered entity or certify in writing to counsel for the parties that the person or entity has destroyed any and all copies of the Confidential Information, except that counsel are not required to secure the return or destruction of Confidential Information submitted to the Court.

18. This Order does not control or limit the use of records containing Confidential Information pertaining to Plaintiffs and the proposed Plaintiff Class that come into the possession of the parties or their attorneys from a source other than a covered entity.

19. This Order does not authorize counsel for the Plaintiffs or Defendants to obtain medical records or information through formal discovery requests, subpoenas, or depositions except as provided under the settlement agreement and this Order. This Order does not prohibit or limit Class Counsel from obtaining Protected Health Information from any patient at Whiting Forensic Hospital in the ordinary course of their representation regarding this case or any other legal matter using an authorization for release of information form. This order does not limit or supersede the Court order in *Doe* v. *Hogan*, Case No.: 2:88-cv-00293-EBB, filed on October 24, 1989 or the access authority in

the Protection and Advocacy for Mentally Ill Individuals act at 42 U.S.C §

10801 through § 10851.

20. The Court will make a good cause determination for filing under seal if the

parties seek to file Confidential Information under seal.

21. Any party may apply for relief from, enforcement of, or modification of this

Order or seek additional protective orders.

22. This Order shall remain in full force and effect for the duration of the

settlement agreement unless modified, superseded, or terminated by order of

this Court, or terminated by the mutual consent of the parties.

23. Any document, or other material containing Confidential Information may be

submitted to the Court publicly if the Confidential Information has been "de-

identified," such that it cannot be linked by members of the public with any

individual. This may be accomplished through deidentification that complies

with HIPAA standards in 45 C.F.R. §164.514, as periodically amended.

Notwithstanding the requirements set forth therein, the person who is the

subject of such PHI information, or that person's legal guardian or

conservator, may authorize its use for any purpose.


_____

Sarala Nagala
Unites States District Judge
Dated:

23

## <u>PROTECTIVE ORDER AGREEMENT</u>

I have read the Order entered in *Lindsay, et. al.* v. *Navarretta, et. al.*, Civil

No.: 3:22-CV-1518-SVN and understand its terms.

I agree to be bound by the terms of the Order and agree to use the

information provided to me only as explicitly provided in this Order.

I submit to the jurisdiction of the United States District Court for the District

of Connecticut for the purpose of enforcing the terms of the Order.


By:_____        Dated: _____


_____

Printed Name

24