UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Isaiah Lindsay, | ) | CIVIL NO. 3:22-CV-1518-SVN |
| Ling Xin Wu, | ) | |
| On behalf of themselves and | ) | |
| all other persons similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| NANCY NAVARRETTA, in her official | ) | |
| capacity as the Commissioner of the | ) | |
| Connecticut Department of Mental | ) | |
| Health and Addiction Services, et al. | ) | |
| Defendants. | ) | |
| | ) | |
| Defendants. | ) | July 13, 2026 |

ORDER FOR THE DISCLOSURE, USE, AND
PROTECTION OF CONFIDENTIAL HEALTH INFORMATION

The Court, upon good cause shown and in accordance with Rule 26(c)(1) of the Federal Rules of Civil Procedure, 42 C.F.R. §§ 2.61, 2.64, and 45 C.F.R. § 164.512(e), ORDERS as follows:

A. INTRODUCTION & PURPOSE

1. This Order authorizes, with the force of a subpoena, the parties, as defined herein, to disclose, inspect, produce, request, and use information and documents, required under the settlement agreement, that may be confidential under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations, (45 C.F.R. Part 160 and Part 164) (collectively HIPAA), the federal laws regarding Confidentiality of Substance Use Disorder Patient Records under 42 U.S.C. § 290dd-2 and 42

1

C.F.R. Part 2 (collectively SUD), and various state statutes and regulations, including, without limitation, Conn. Gen. Stat. §§ 17a-488a, 17a-500, 17a-572, and 52-146o, in a manner that is consistent with applicable confidentiality statutes and regulations.

2. Class members who may be within the scope of the SUD statute and regulations have been provided with an opportunity to file written responses regarding the statutory and regulatory requirements described in 42 C.F.R. § 2.64(b).

3. Consistent with 42 C.F.R. § 2.64(d), the Court finds that good cause exists to enter this order because (1) Other ways of obtaining the information are not available or would not be effective; and (2) The public interest and need for the use or disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.

4. This Order does not permit a party to access or request access to information or documents in a manner that is inconsistent with the settlement agreement.

5. Except for the obligations to maintain confidentiality as provided herein, this Order does not alter, amend, or expand, in any manner, the rights and obligations under the settlement agreement to access, disclose, obtain, request, or use information or documents.

**B. DEFINITIONS**

For the purposes of this Order, the following definitions shall apply.

2

1. "Confidential Information" means: (a) "Protected Health Information" (PHI), as defined by 45 C.F.R. § 160.103, as periodically amended; (b) "Individually Identifiable Health Information," as defined in 45 C.F.R. § 160.103, as periodically amended; (c) "Diagnosis," "Patient Identifying Information," "Program," "Records," and "Substance Abuse Disorder," as defined in 42 C.F.R. § 2.11; and "Communications and Records," as defined by Conn. Gen. Stat. § 52-146d, as periodically amended.

2. "Covered entity" is (i) a health plan, (ii) a health care clearinghouse or (iii) a health care provider who transmits any health information in electronic form in connection with a transaction covered by subchapter 45 C.F.R § 160.103.

3. "Defendant" or "Defendants" means one or more of the following: Department of Mental Health and Addiction Services ("DMHAS"), Whiting Forensic Hospital ("WFH"), Connecticut Psychiatric Security Review Board ("PSRB"), and their divisions, and all directors, officers, employees, agents, and representatives.

4. "Disclose" is as defined in 42 C.F.R. § 2.11.

5. "Document" means documents or electronically stored information (ESI) as defined by Rule 34(a) of the Federal Rules of Civil Procedure.

6. "Independent Reviewer" is the professional designated to perform the Independent Reviewer role under the settlement agreement.

7. "Party" is any Plaintiff or Defendant in this action or their agent or attorney (collectively "Parties").

8. "Plaintiff" means the named Plaintiffs in this action as well as any member of the Plaintiff Class.

9. "Substance Use Disorder" (SUD) is as defined in 42 C.F.R. § 2.11.

10. "Use" is as defined in 42 C.F.R. § 2.11.

11. Any term used herein that is defined in HIPAA regulations or 42 C.F.R. § 2.11 shall have the same meaning ascribed by that regulation.

### C. SCOPE OF ORDER

1. Subject to the limitations set forth in Sections A.4 and A.5, this Order authorizes and commands, with the force of a subpoena, Defendants, Class Counsel, the Office of the Attorney General, the Independent Reviewer, and each of their agents to produce, receive, transmit, and use Confidential Information to the extent required by the settlement agreement.

2. Defendants, Class Counsel, the Office of the Attorney General, the Independent Reviewer and each of their agents shall take all measures necessary to comply with the requirements of the laws referenced in this Order, and all other applicable laws governing the privacy of personal and health information, including, without limitation, those referenced herein.

3. All Confidential Information, regardless of form, shall be treated and maintained in a confidential manner and in a manner that prevents access by any person or entity not entitled to access under this Order.

4. Any pleading or other document filed with the Court shall be filed with Confidential Information redacted or under seal.

5. Confidential Information disclosed pursuant to this Order shall only be used to monitor or enforce the settlement agreement, as required under settlement agreement, and shall only be disclosed to:

   a. The Court and its officials (in redacted form or under seal);

   b. The Independent Reviewer;

   c. The Defendants, Defendants' counsel, and their employees and agents;

   d. Plaintiffs, Plaintiffs' counsel, and their employees and agents; and

   e. Outside consultants and experts retained to assist Plaintiffs' or Defendants' counsel.

6. Any person given Confidential Information pursuant to this Order shall not use or disclose such Confidential Information for any purpose other than as permitted under the settlement agreement and this Order. The party to whom the disclosure is being made shall read and sign the Protective Order Agreement attached to this Order. The disclosing party shall take all reasonable steps to ensure that the parties receiving the Confidential Information do not use, retain, or disclose the information for any purpose other than this action.

7. A party shall produce Confidential Information in an unredacted form to the other party in response to a discovery request under the settlement agreement.

8. A party producing Confidential Information shall stamp or otherwise mark each page containing Confidential Information with the designation

"CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with legibility or audibility of the document.

9. A party producing Confidential Information via electronic files in native electronic format shall designate as confidential the electronic files by appending to the file names or designators information indicating that the file contains Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.

10. When a party prints electronic files or documents in native form for use in monitoring or enforcement of the settlement agreement, including at a deposition or in a court proceeding, or for provision to any person authorized to receive it pursuant to this Order, the party shall ensure that a legend stating "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and the native file production number and designation are affixed to the corresponding electronic files or documents.

11. Depositions involving Confidential Information shall be conducted only in the presence of the parties, their agents and employees, outside consultants and experts retained to assist counsel with this litigation, the person from whom discovery is sought, that person's counsel, and a court reporter. Regarding testimony, a party may designate portions of the record confidential by

notifying the other party on the record at the deposition or in writing thereafter.

12. Transcripts and recordings of court proceedings and depositions containing Confidential Information shall not be released publicly unless all Confidential Information is redacted. All court reporters shall be provided with a copy of this Order and are bound by its terms.

13. A failure to designate as Confidential Information any document or information containing Confidential Information shall not be construed as a waiver of the assertion that the information is Confidential Information covered by this Order.

14. If at any time a party realizes that it should have designated as Confidential Information any documents, testimony or other materials previously produced in this action, it may correct this non-designation by notifying the parties in writing.

15. The parties may not use or disclose Confidential Information in any pleading, filing, hearing, trial, or any other public proceeding in this action without redacting or otherwise obscuring the information to prevent personal identification. The parties shall not be required to redact documents produced between them and/or them and the Independent Reviewer. If such redaction or obscuring of information is not possible (for example, without limitation, where the Confidential Information is an integral part of a document and redacting or obscuring the information would impair the utility of the

document), a party may seek permission from the Court to have such information filed under seal or obtain consent from the individual (or the individual's conservator) whose information is at issue.

16. In the event of an inadvertent disclosure of Confidential Information, the receiving party or the producing party making the inadvertent disclosure shall upon learning of the disclosure:

    a.  Promptly notify the person or entity to whom the disclosure was made that it contains Confidential Information subject to this Order;

    b.  Promptly make all reasonable efforts, including, but not limited to, seeking a court order, if necessary, to retrieve such Confidential Information from, and to preclude dissemination or use by the person or entity to whom disclosure was inadvertently made;

    c.  Promptly notify the producing party of the identity of the person or entity to whom disclosure was inadvertently made, the circumstances of the disclosure, and the steps taken to prevent the dissemination or use of the information; and

    d.  Comply with other applicable requirements governing notification of breaches of protected health information as set forth in Subtitle D of the Health Information Technology for Economic and Clinical Health Act (HITECH ACT) and HIPAA regulations.

17. Within 45 days of the conclusion of litigation including appeals and enforcement of the settlement agreement through the entire term of the

settlement agreement, the parties, their attorneys, and any person or entity in possession of Confidential Information received pursuant to this Order, shall return such Confidential Information to the covered entity or certify in writing to counsel for the parties that the person or entity has destroyed any and all copies of the Confidential Information, except that counsel are not required to secure the return or destruction of Confidential Information submitted to the Court.

18. This Order does not control or limit the use of records containing Confidential Information pertaining to Plaintiffs and the proposed Plaintiff Class that come into the possession of the parties or their attorneys from a source other than a covered entity.

19. This Order does not authorize counsel for the Plaintiffs or Defendants to obtain medical records or information through formal discovery requests, subpoenas, or depositions except as provided under the settlement agreement and this Order. This Order does not prohibit or limit Class Counsel from obtaining Protected Health Information from any patient at Whiting Forensic Hospital in the ordinary course of their representation regarding this case or any other legal matter using an authorization for release of information form. This Order does not limit or supersede the Court order in *Doe* v. *Hogan*, Case No.: 2:88-cv-00293-EBB, filed on October 24, 1989 or the access authority in the Protection and Advocacy for Mentally Ill Individuals Act at 42 U.S.C § 10801 through § 10851.

20. The Court will make a good cause determination for filing under seal if the parties seek to file Confidential Information under seal.

21. Any party may apply for relief from, enforcement of, or modification of this Order or seek additional protective orders.

22. This Order shall remain in full force and effect for the duration of the settlement agreement unless modified, superseded, or terminated by order of this Court, or terminated by the mutual consent of the parties.

23. Any document, or other material containing Confidential Information may be submitted to the Court publicly if the Confidential Information has been "de-identified," such that it cannot be linked by members of the public with any individual. This may be accomplished through deidentification that complies with HIPAA standards in 45 C.F.R. §164.514, as periodically amended. Notwithstanding the requirements set forth therein, the person who is the subject of such PHI information, or that person's legal guardian or conservator, may authorize its use for any purpose.

_____

Sarala Nagala
United States District Judge
Dated:

10

## <u>PROTECTIVE ORDER AGREEMENT</u>

I have read the Order entered in *Lindsay, et. al* v. *Navarretta, et. al.*, Civil No.: 3:22-CV-1518-SVN and understand its terms.

I agree to be bound by the terms of the Order and agree to use the information provided to me only as explicitly provided in this Order.

I submit to the jurisdiction of the United States District Court for the District of Connecticut for the purpose of enforcing the terms of the Order.


By:_____          Dated: _____


_____
Printed Name