## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ISAIAH LINDSAY, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil No.: 3:22-CV-1518-SVN |
| | ) | |
| NANCY NAVARRETTA, et al., | ) | |
| Defendants. | ) | AUGUST 4, 2026 |

## (PROPOSED) ORDER FOR FINAL APPROVAL
## OF THE CLASS ACTION SETTLEMENT AGREEMENT

On April 14, 2026, the Court entered an order granting preliminary approval

(ECF 195) (Preliminary Approval Order) of the class action settlement agreement

(Settlement Agreement) between plaintiffs Isaiah Lindsay and Ling Xin Wu, on

behalf of themselves and the certified class members (Settlement Class)[1]

(collectively, Plaintiffs) and Defendants, Nancy Navarretta, Commissioner of the

Department of Mental Health and Addiction Services, and Joe Crego, CEO of

Whiting Forensic Hospital, in their official capacities, and Michael Pepper, John

Bonetti, Mark Kirschner, Cheryl Abrams, Wakena Hirota, and Renesha Nichols, in

their official capacities as members of the Psychiatric Security Review Board

(collectively, Defendants).

---

[1] Class Members are "acquittees who (1) are, or will be in the future, committed to
the jurisdiction of the Psychiatric Security Review Board, (2) are assigned Full
Level 4 privileges, and (3) have been determined by a Whiting Forensic Hospital
treatment professional as being ready for Temporary Leave." Joint Ruling on
Defendants' Motion to Dismiss and Plaintiffs' Second Motion for Class Certification,
pp. 28, 42 (ECF 130) (internal quotation marks omitted) and Order Granting
Preliminary Approval of Proposed Class Action Settlement (ECF 195, p. 2).

1

Commencing on April 17, 2026, pursuant to the notice requirements in the Preliminary Approval Order, Plaintiffs' counsel provided Notice to Settlement Class members in compliance with Section IV (Class Notice) of the Preliminary Approval Order, due process, and Rule 23 of the Federal Rules of Civil Procedure. The Notice Plaintiffs' counsel provided to the Class Members:

A.  Fully and accurately informed Settlement Class members about the existence and terms of the Settlement Agreement;

B.  Advised Settlement Class members of their right to object to the proposed settlement;

C.  Provided procedures for Settlement Class members to file written objections to the proposed Settlement Agreement, in accord with Section V of the Preliminary Approval Order, to appear at the Fairness Hearing, and to state objections to the proposed settlement; and

D.  Provided the time, date, and place of the Fairness Hearing and arranged for Class Member participation in the Hearing.[2]

On June 16, 2026, the Court held a Fairness Hearing to determine whether the proposed settlement is fair, reasonable and adequate, at which objectors attended and had the opportunity to be heard before the Court.

The Court has reviewed (a) the Joint Motion for Final Approval of the Class Action Settlement Agreement (ECF 210), the Memorandum of Law in Support of

---

[2] *See* Notice of Compliance with Pretrial Order (ECF 204); Second Notice of Compliance with Pretrial Order (ECF 205).

Parties' Joint Motion for Final Approval of Settlement Agreement (ECF 210-1) (collectively, Motion), and all supporting materials; (b) the objections filed with or presented to the Court during the Fairness Hearing; and (c) the Parties' responses to any objections.

The Court received four written objections pursuant to the Preliminary Approval Order. The Court also heard testimony from the objectors during the Fairness Hearing. The Court finds that the written and oral objections are fully and adequately addressed by the compromises made in the Settlement Agreement and, therefore, are not an impediment to final approval.

Based on this review and the findings below, the Court finds good cause to grant the Motion.

**IT IS HEREBY ORDERED:**

1.    The Court has jurisdiction over the subject matter of this litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2.    The Court incorporates and adopts the findings and conclusions in Sections I and II of its Preliminary Approval Order.

3.    The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class members. The Settlement Agreement was negotiated at arm's length, in good faith and without collusion, by capable and experienced counsel with the assistance of an experienced third-party neutral mediator, with full knowledge of the facts, the law, and the risks inherent in litigating the case, and with the active involvement of the Parties. Moreover, the Settlement

Agreement confers substantial benefits on the Settlement Class members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter.

4.     The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for effecting the Settlement.

5.     All Settlement Class members are bound by this Order.

6.     The Parties shall carry out their respective obligations under the Settlement Agreement, including, without limitation, the payment of the agreed-upon attorneys' fees and costs, in accordance with its terms and within a reasonable time hereof.

7.     The relief provided for in the Settlement Agreement shall be made available to the Settlement Class members pursuant to the terms and conditions in the Settlement Agreement.

### **NOTICE TO CLASS**

8.     The Court finds that the Class Notice plan provided for in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, sufficient and due notice to the Settlement Class regarding the existence and nature of the case, the existence and terms of the Settlement Agreement,  the opportunity to object and appear at the Fairness

4

Hearing, and the right to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

9. The Settlement Agreement and this Order apply to all claims or causes of action settled under the Settlement Agreement, and binds Class Representatives, all Settlement Class members and Class Counsel.

10. The Court shall retain jurisdiction for the purpose of enforcing the terms of the Parties' agreement by specific performance only.

11. The Court will enter a separate order dismissing the case pursuant to Fed. R. Civ. P. 41(a)(2) except as to paragraph 10.

**IT IS SO ORDERED.**

Date:_____                              _____
                                              SARALA V. NAGALA
                                              UNITED STATES DISTRICT JUDGE

Respectfully submitted,

Isaiah Lindsay and Kai Ming Wu
Class Representatives

By: Class Counsel

s/Kirk W. Lowry
Kirk W. Lowry, ct.27850
Kathleen M. Flaherty, ct19344
Simone Lamont, ct31858
Class Counsel
Connecticut Legal Rights Project
CVH-Beers Hall 2nd Floor
22 Harvey Drive
Middletown, CT 06457
(860) 262-5017
klowry@clrp.org


s/Rachel Mirsky
Rachel Mirsky, ct30457
Sheldon Toubman, ct08533
Class Counsel
Disability Rights Connecticut
75 Charter Oak Avenue, Suite 1-101
Hartford, CT 06106
(475) 345-3168
rachel.mirsky@disrightsct.org

DEFENDANTS NANCY NAVARRETTA, COMMISSIONER OF THE DEPARTMENT OF MENTAL HEALTH AND ADDICTION SERVICES IN HER OFFICIAL CAPACITY, AND JOSE CREGO, CEO OF WHITING FORENSIC HOSPITAL, IN HIS OFFICIAL CAPACITY

WILLIAM TONG
ATTORNEY GENERAL


BY:

/s/Shawn L. Rutchick
Shawn L. Rutchick
Assistant Attorney General
Federal Bar No. ct24866
165 Capitol Avenue
Hartford, Connecticut 06106
Tel:  (860) 808-5210
Fax:  (860) 808-5385
shawn.rutchick@ct.gov

/s/ Francesca Testa
Francesca Testa
Assistant Attorney General
Federal Bar No. ct31930
165 Capitol Avenue
Hartford, CT 06106
Tel: (860) 808-5210
Fax: (860) 808-5385
Francesca.testa@ct.gov

7

DEFENDANTS IN THEIR OFFICAL
CAPACITIES, PSYCHIATRIC SECURITY
REVIEW BOARD MEMBERS, MICHAEL
PEPPER, JOHN BONETTI, MARK
KIRSCHNER, CHERYL ABRAMS,
WAKENA HIROTA, AND RENESHA
NICHOLS

WILLIAM TONG
ATTORNEY GENERAL

BY:    /s/Tanya Feliciano DeMattia
Assistant Attorney General
Federal Bar No. ct14996
165 Capitol Avenue
Hartford, CT  06106
Tel: (860) 808-5210
Fax: (860) 808-5385
tanya.demattia@ct.gov

/s/ Alina Bricklin-Goldstein
Assistant Attorney General
Federal Bar No. ct31266
165 Capitol Avenue
Hartford, CT  06106
Tel: (860) 808-5210
Fax: (860) 808-5385
alina.bricklin-goldstein@ct.gov

## **CERTIFICATION**

I hereby certify that on August 4, 2026, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

/s/Kirk W. Lowry
Kirk W. Lowry

8